CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 03, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ROBERT D. SHRADER,** ) | |
| Plaintiff, ) | Case No. 7:24-cv-00089 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **DR. CRYSTAL LARGE, et al.,** ) | Senior United States District Judge |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Robert D. Shrader, an inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Shrader claims that he has received inadequate medical treatment while incarcerated at the Southwest Virginia Regional Jail in Haysi, Virginia. In addition to Dr. Crystal Large, Shrader's amended complaint names the "Haysi Jail" as a defendant. Am. Compl. 1, ECF No. 11. Because a jail is not a proper defendant in a § 1983 action, the court will dismiss the claims against it without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

### I.

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must "dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## II.

Shrader seeks relief under 42 U.S.C. § 1983. Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

A local jail is not a "person" subject to liability under § 1983. McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 893 (E.D. Va. 1992). Thus, the "Haysi Jail" is not a proper defendant in this action.*

---

\* Although a municipal jail authority may be a proper defendant in a § 1983 action, Shrader's amended complaint fails to state a plausible claim for relief against the Southwest Virginia Regional Jail Authority. It is well settled that municipal entities "are not vicariously liable under § 1983 for their employees' actions." Connick v. Thompson, 563 U.S. 51, 60 (2011) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 692 (1978)). Instead, they are responsible only for their "own illegal acts." Owens v. Balt. City State's Attys. Office, 767 F.3d 379, 402 (4th Cir. 2014). In particular, a municipal jail authority or other local government entity can be held liable under § 1983 only if the plaintiff shows that the entity's policy or custom was a "moving force" behind a constitutional violation. Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981); see also Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) ("Only in cases where the municipality causes the deprivation through an official policy or custom will liability attach."). Shrader's amended complaint does not allege that any custom or policy of the Southwest Virginia Regional Jail Authority was responsible for the constitutional deprivation(s) of which he complains, and he has no viable § 1983 claim against the Jail Authority based solely on its employment relationship with Dr. Large or other staff members. Consequently, even if Shrader had named the Jail Authority as a defendant, any claim against the Jail Authority would be subject to dismissal.

2

## III.

For the reasons stated, the court will dismiss any claims against the Haysi Jail for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate order will be entered.

Entered: January 2, 2025

Mike Urbanski
Senior U.S. District Judge
2025.01.02 20:22:13
-05'00'

Michael F. Urbanski
Senior United States District Judge